DA 10-0336

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 15N

IN RE THE MARRIAGE OF:
VALERIE LEA DUNKLE,

Petitioner and Appellant,

and

SHAWN ALLEN HARGROVE,

Respondent and Appellee.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR-06-083(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Brandi R. Ries, Attorney at Law, Polson, Montana

Amy S. Rubin, Attorney at Law, Missoula, Montana

For Appellee:

David F. Stufft, Attorney at Law, Kalispell, Montana

Submitted on Briefs: January 26, 2011

Decided: February 8, 2011

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Valerie Dunkle appeals from an order of the District Court for the Eleventh Judicial District, Flathead County, denying her "Motion to Vacate Decree and Adopt Proposed Parenting Plan, or Modify Parenting Plan; and Motion to Appoint Guardian ad Litem." We affirm.

¶3    Dunkle raises several issues on appeal which we have consolidated into the following two issues:

¶4    1. Whether the District Court erred in denying Dunkle's motion to vacate the decree.

¶5    2. Whether the District Court abused its discretion in denying Dunkle's motion to modify the parenting plan.

### Factual and Procedural Background

¶6    Dunkle filed a Petition for Dissolution of the parties' marriage on February 10, 2006. The parties have two children who were, at that time, four and nine years old. In March 2007, while the dissolution proceedings were ongoing, Dunkle left the state with the children without notifying her attorney, the court, or Hargrove, and without leaving

any forwarding address. Thereafter, the court allowed Dunkle's attorney to withdraw as counsel for Dunkle, issued an order granting interim custody of the children to Hargrove, and issued a bench warrant for Dunkle's arrest for felony custodial interference. On April 17, 2007, Dunkle's attorney mailed to Dunkle at her last known address a Notice to Appoint Counsel or Appear in Person pursuant to Uniform District Court Rule 10.

¶7 The District Court issued its Findings of Fact, Conclusions of Law and Decree of Dissolution on May 29, 2007, wherein the court dissolved the parties' marriage, divided the parties' property and liabilities, and set forth a parenting plan granting sole permanent custody of the parties' children to Hargrove. The court also provided that because of the pending charge against Dunkle of custodial interference, once the children are located and returned to Montana, Dunkle should have no visitation or other contact with the children until further order of the court. Hargrove mailed a Notice of Entry of Judgment to Dunkle on May 31, 2007, at her last known address. The notice was returned by the United States Post Office stamped: "Moved, left no address."

¶8 Dunkle was apprehended in New Mexico in August 2008 and extradited back to Montana. The children were returned to Montana, placed in Hargrove's custody, and have resided with him since that time. On June 2, 2009, Dunkle pled guilty to parenting interference, a felony. She was sentenced to a five-year suspended sentence and ordered to have no contact with the children unless approved by the presiding court in the parenting proceedings.

¶9 On June 4, 2009, Dunkle filed her "Motion to Vacate Decree and Adopt Proposed Parenting Plan, or Modify Parenting Plan; and Motion to Appoint Guardian ad Litem."

3

The District Court did not issue its order denying Dunkle's motion until June 15, 2010. In its order, the court concluded that Dunkle's motion to vacate the decree was time barred. The court also concluded that there was not adequate cause for a hearing on her motion to modify the parenting plan. Consequently, the court denied that motion as well. Dunkle appeals.

**Issue 1.**

¶10   *Whether the District Court erred in denying Dunkle's motion to vacate the decree.*

¶11   Dunkle's June 4, 2009 motion consisted essentially of two parts, a motion to vacate the decree and a motion to modify the parenting plan. As to Dunkle's motion to vacate the decree, she stated in her brief on appeal that the motion was in effect an M. R. Civ. P. 60(b)(4) motion to void the judgment. M. R. Civ. P. 60(b) provides that motions made for reasons (1), (2) and (3) under the Rule must be made not more than 60 days after the judgment was entered when a defendant has been personally served, and within 180 days of the judgment when the defendant has not been personally served. However, this motion was made for reason (4) under the Rule, thus M. R. Civ. P. 60(b) requires only that such motion "be made within a reasonable time."

¶12   In this case, the final judgment was entered May 29, 2007, and Hargrove mailed a Notice of Entry of Judgment to Dunkle on May 31, 2007, to Dunkle's last known address. Dunkle did not file her motion to vacate until more than two years after the judgment was entered. Because the other time limits provided in M. R. Civ. P. 60(b) are 60 days and 180 days, we cannot conclude that two years would be "a reasonable time"

4

under this Rule. Therefore, we conclude that Dunkle's M. R. Civ. P. 60(b)(4) motion is untimely.

**Issue 2.**

¶13    *Whether the District Court abused its discretion in denying Dunkle's motion to modify the parenting plan.*

¶14    Dunkle contended in her motion to modify the parenting plan that a change in the parenting plan was warranted under § 40-4-219, MCA,[1] because the children's circumstances have changed in that prior to returning to Montana, she was the sole caregiver for the children, and that since returning to Montana, Hargrove is the children's sole caregiver and Dunkle is prohibited from having any contact with the children. Dunkle contends that not allowing the children to have at least supervised visits with her would not be in their best interests.

¶15    In its order denying Dunkle's motion to modify the parenting plan, the District Court concluded that, pursuant to § 40-4-220, MCA, there was not adequate cause for a hearing on her motion, thus her motion must be denied. Section 40-4-220(1), MCA, provides, in part, that the court

> *shall deny the motion* unless it finds that adequate cause for hearing the motion is established by the affidavits, based on the best interests of the child, in which case it shall set a date for hearing on an order to show cause

---

[1] Section 40-4-219(1), MCA, provides in relevant part:

> The court may in its discretion amend a prior parenting plan if it finds, upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of entry of the prior plan, that a change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child.

5

why the requested plan or amendment should not be granted. [Emphasis added.]

¶16 The court pointed out that the affidavit Dunkle filed in support of her motion only provided in conclusory fashion that she would like to have supervised visitation with the children. The court also pointed out that Dunkle failed to show any remorse for absconding with the children. On the other hand, the court noted that the affidavit Hargrove filed reflected the trauma the children suffered by Dunkle's absconding with them and that the children were having to undergo extensive and ongoing counseling to reintegrate them into society.

¶17 Section 40-4-219(1)(d) and (e), MCA, provide that, in determining a child's best interest, a court may consider whether

> (d) one parent has willfully and consistently:
> (i) refused to allow the child to have any contact with the other parent; or
> (ii) attempted to frustrate or deny contact with the child by the other parent; or
> (e) one parent has changed or intends to change the child's residence in a manner that significantly affects the child's contact with the other parent.

While the District Court did not specifically reference this portion of the statute in its order, the court clearly had this provision in mind when it discussed Dunkle's conduct in removing the children from Montana and her lack of remorse for doing so. Dunkle has only herself to blame for the court's order that she have no contact with her children.

¶18 Accordingly, we hold that the District Court did not abuse its discretion in denying Dunkle's motion to modify the parenting plan.

¶19 Affirmed.

6

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ JIM RICE